Let's wait a moment for people to leave the room. Okay, Ms. Mavrakis Good afternoon, Farrah Mavrakis on behalf of Plaintiff Appellant Joan Cicchiello, who is here with us today. Your Honors, Ms. Cicchiello is a woman in her mid-70s who filed this lawsuit pro se after being incarcerated at FCI Danbury in Danbury, Connecticut and suffering a number of constitutional violations. During her incarceration at FCI Danbury, she was confined in extreme summer heat without any air conditioning or fans, forced to strip naked for both male and female officers as well as other inmates, and she was denied access to the courts, causing the denial and dismissal of two separate lawsuits. The court's hasty dismissal of Ms. Cicchiello's lawsuit with prejudice should be reversed for two reasons. As to her Bivens claims, while her Fifth Amendment claim may present a new context, her Fourth and Eighth Amendment claims do not, and Ms. Cicchiello should have been allowed to amend her complaint because amendment in this case would not be futile. Did the district court give any notice of the plan to dismiss without, it's an initial review order, right? But did the district court give any notice to the plaintiff that there was a chance that the claims could be dismissed with prejudice at that stage? No, Your Honor. So she just gets the IRO and it's over. Ms. Cicchiello received the PLRA screening order which discussed the claims, but there was no explanation given as to why the claim was dismissed with prejudice without any opportunity to amend. And Your Honor, going to the Eighth Amendment claim, here the district court dismissed her complaint by holding that her claims arose in a new context under Bivens, but if we look to Carlson v. Green, we see that her claims are not a new context, but rather exactly what the Supreme Court recognized as a viable claim under the Eighth Amendment. In Carlson v. Green, there was a deliberate indifference to a serious medical need, and the Supreme Court recognized that the facility's failure to- Right, in Carlson v. Green, the guy has asthma, right, and he's being held in conditions against medical advice, right? Yes. Here, you're saying that Ms. Cicchiello has a heart condition? Yes, Your Honor. That's not in the complaint, though, right? Well, Your Honor, we do believe that you can take judicial notice of the medical records which FCI Danbury prison officials had when she was transferred to that facility. Why can we take judicial notice of those? Under what of them? There are a variety of ways we can take judicial notice. What does this one fall under? Yes, Your Honor. I believe this falls under, and I think I have the case here, excuse me, Stare v. Hartford, which allows courts to take judicial notice of certain medical records that come with a prisoner upon transfer, but even if you do not take judicial notice of those medical records, that folds nicely into the second point of my argument. Then you would say that actually that shows that amendment is not futile because she could amend to say that she had a medical condition. Exactly, Your Honor. Is the conditions of heat in the prison, is that related to the heart condition? Yes, Your Honor. Again, if allowed to amend her complaint, she could allege how the heat exacerbates that chronic medical condition, namely the heart condition that she has, and the fact that the prison should have been on notice that a woman in her mid-70s with a chronic heart condition would have been exacerbated by the heat, which is exactly why amendment in this case— I mean, that's pretty close to Carlson. I suppose the thing that you're missing is that there isn't some doctor who had told the prison officials that she shouldn't be exposed to those conditions, but maybe you're saying that's not enough to say it's a different context. Exactly, Your Honor, and if we look to Justice Sotomayor's concurrence in Everett v. Boole, while not controlling, it is persuasive in this case, we do not need to look at Bivens claims so granularly to require such a nuance as the doctor's order to recognize a viable Bivens context. The Supreme Court continues to recognize and puts out opinions on Bivens like it did in Goldie v. Fields last term, and it doesn't overrule Bivens, which shows— If the prison officials didn't know that she had the heart condition and so didn't know that the conditions might exacerbate a condition, maybe she would lose, but you would say that that's a merits question. Exactly, Your Honor, which is something she should be allowed to amend her complaint at the district court level and allow the claim to be adjudicated on its merits. Are you aware of any case that has found a claim relating to temperature at the prison combined with a medical condition not to be a new context under Bivens? Your Honor, we have not found any cases in this court that has said that, so it would be a new decision. If there were, so I get your point about amendment, but let's say, just taking for granted the complaint that doesn't say that she has a medical condition, would exposing inmates to extreme heat without it being tied to a medical condition or a doctor's advice, would that be a new context? It could be, Your Honor, especially because Carlson v. Green makes clear that a deliberate indifference claim relates to a serious medical need, so I do think there needs to be that tangential accommodation of a medical need, but here we have that, which is exactly why Ms. Chappello should be given the opportunity to amend. And, Your Honor, as this court has held in Perez v. Ortiz, failure to let a litigant address a dismissal is grounds for reversal. And, Your Honor, we ask that you... So before you sit down, could I just ask about the Fourth Amendment question? Yes, Your Honor. So Egbert, right, that's the case where he's taken from his home and is subjected to a strip search at the courthouse, right? Egbert is where they're subject to the border dispute issue. Oh, okay. That would be the Bivens case versus the Bureau of Narcotics. Okay, but in any event, here she's subjected to a strip search while she was in prison, right? I mean, those are conditions of confinement where maybe a strip search is, you know, requires lesser justification. Yes, Your Honor. I believe Bivens was actually not a strip search in the prison. It was a strip search in the home. No, I know. That's right. Yeah, I understand. But I'm saying your client. Oh, yes. It was a strip search in the prison. Yes, Your Honor. And we understand that strip searches do happen in prisons and in the prison context. But here in Ms. Cicchiello's case, it was a violation of the Fourth Amendment because she was required to strip naked in front of both female and male officers as well as other inmates, which is a violation of the Fourth Amendment. Thank you, Your Honors. Okay, thank you very much. Thank you all for taking this on as well. We appreciate it. Thank you. Thank you very much. The case is submitted.